## PERKINS v. SUPERINTENDENTS OF THE POOR OF LAPEER COUNTY.

A certiorari lies to the county court to review a judgment of that court on proceedings instituted under ch. 42, R. S., as the cause cannot be carried to the circuit court of the county for review, under ch. 92, R. S.

MOTION to dismiss certiorari.

*Stevens,* for the motion.

*Goodrich,* contra.

*By the court,* WHIPPLE, C. J. Proceedings in this cause were instituted against the plaintiff in error, under the provisions of ch. 42, R. S. The respondent having recognized to appear in the circuit court for the county of Lapeer, the cause was subsequently transferred to the county court, where a trial was had and a judgment rendered, to reverse which, the writ of certiorari in this cause is prosecuted. A motion is now made to dismiss, upon the sole ground that this court has no jurisdiction of the cause. It is urged by the defendants in error, that the judgment below must be first reviewed by the circuit court by certiorari, under the general provisions of the Revised Statutes which authorize that tribunal to review all judgments of the county court. The ground assumed by the defendants must be esteemed conclusive, unless it is clear that the judgment authorized to be rendered by the provisions of chap. 42 is such an one as to make it impracticable for the respondent to avail himself of the remedy which chap. 92, R. S., furnishes to parties aggrieved by the judgment of the county court.

It is to be noticed, that the proceedings against the respondent were special, and the form of the judgment upon conviction peculiar. The

respondent, upon conviction, is to be adjudged the father of the child, an d to stand chargeable with its maintenance.

It is difficult to conceive how the respondent could have availed himself of the general provisions which prescribe the mode of reviewing a judgment of the county court by the circuit. Section 48 of chapter 92, R. S. directs a bond to be given in double the amount of debt, damages and costs that may be awarded against the appellant. It is quita clear, then, that the judgment, to be reviewed by certiorari, must be one for debt or damages. The proceeding under chapter 42 contemplates, as I have shown, no such judgment, and the respondent could not, therefore, avail himself of the provisions of chapter 92 to have the judgment of the county court reviewed. The remedy by certiorari authorized by that chapter, applies solely to judgments rendered by that tribunal.in the ordinary exercise of its original and appellate jurisdiction, and not to judgments rendered by virtue of the special proceedings authorized by chapter 42.

There being, then, no other mode of reviewing the judgment before us, the respondent had the right to avail himself of the general superintending power which this court possesses over all inferior jurisdictions, and to have the proceedings of the court below reviewed by this court in the mode authorized by the common law.

*Motion denied.*